IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| In Re: | ) | | |
| | ) | | |
| YOLANDA CAROL ORR, | ) | Case No. | 12-13457-TMW |
| | ) | Chapter 7 | |
| | ) | | |
| Debtor. | ) | | |

### MOTION TO REOPEN CASE AND
### REAPPOINT TRUSTEE AND BRIEF IN SUPPORT
### AND NOTICE OF OPPORTUNITY FOR HEARING

**COMES NOW** Robert A. Brown, the Trustee of the above-mentioned bankruptcy estate, and files this Motion to Reopen the above-mentioned case because of the discovery of assets in the case, and in support thereof states as follows:

1. The Debtor filed her voluntary petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code on the 12th day of July, 2012; Robert A. Brown was appointed Trustee on July 12, 2012; the Meeting of Creditors, pursuant to 11 U.S.C. Sec. 34l, was held on August 7, 2012; a Report of No Distribution was filed by the Trustee on or about August 15, 2012; the Debtor was granted a discharge and the Final Decree closing the case was issued.

2. This Motion to reopen the case is for the purpose of administering assets of the case and is brought pursuant to 11 U.S.C. Sec. 350 and Rule 5010 of the Rules of Bankruptcy Procedure.

3. After the Trustee filed the Report of No Distribution the Trustee became aware of IRS and Oklahoma Tax Commission refunds in the approximate sum of $1667.20, certain monies that is an asset to the bankruptcy estate. Had the Trustee been aware of this at the time of the filing of the Report of No Distribution, the Trustee would not have filed the report.

4. The Trustee is in a position to recover the above-mentioned monies and by so doing would generate assets for the estate, which would require administering.

5. Reopening the case for the purpose of collecting the above-mentioned assets would not

jeopardize the rights of any parties to this bankruptcy, but would generate proceeds to be distributed to the creditors of the debtor.

**WHEREFORE**, the Trustee moves this Court to issue its Order reopening the case for the purpose of collecting and administering the asset for the benefit of all creditors of the estate, and that the United States Trustee reappoint Robert A. Brown as Trustee of this case.

### BRIEF IN SUPPORT OF MOTION TO REOPEN CASE

The Bankruptcy Code in 11 U.S.C. Sec. 350(b) states that "[a] case may be reopened in the Court which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Consequently, the Court is granted broad discretion in allowing a case to reopened. The Court in In Re: Stanke, 41 BR 379 (Bkrtcy. 1984) stated that "[t]he motion to reopen is addressed to the sound discretion of the court." This theory has been followed in several cases and has been taken a step further in the case of In Re: Mullendore, 741 F.2d 306 (1984) where the Court stated that "[e]ven though the Bankruptcy Court has discretion in many instances whether to reopen an estate, it is the duty of the Court to reopen an estate whenever prima facie proof is made that it has not been fully administered."

The Court should allow the case to be reopened pursuant to 11 U.S.C. Sec. 350 to allow the Trustee to pursue the asset of the estate for the benefit of all creditors.

Rule 5010 of the Rules of Bankruptcy Procedure provides that "[a] case may be reopened on Motion of the Debtor or other party in interest pursuant to Section 350(b) of the Code." The former Trustee in Bankruptcy of a case is a party in interest who can move to reopen a bankruptcy case. In Re: Stanke, 41 BR 379 (Bkrtcy. 1984).

The Trustee, being a party in interest, should be allowed to reopen the case for the purpose of administering assets.

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document**. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or

objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

/s/ Robert A. Brown
ROBERT A. BROWN, TRUSTEE, OBA #11235
123 West 7th Avenue, Suite 102
Stillwater, Oklahoma 74074
405.377.8185/ 405.377.8187 [fax]
bob@bobbrownattorney.com

## CERTIFICATE OF SERVICE

This is to certify that on April 17, 2013, a true and correct copy of the of the above and foregoing *Trustee's Motion To Reopen Case and Reappoint Trustee And Brief In Support And Notice Of Opportunity For Hearing,* filed on April 17, 2012*, was forwarded, U.S. Mail, first class, postage prepaid,* to all parties on the attached mailing matrix.

/s/ Robert A. Brown
Robert A. Brown

```
Label Matrix for local noticing        GE Capital Retail Bank                     USBC Western District of Oklahoma
1087-5                                  c/o Recovery Management Systems Corporat  215 Dean A. McGee
Case 12-13457                           25 SE 2nd Avenue, Suite 1120              Oklahoma City, OK 73102-3426
Western District of Oklahoma            Miami, FL 33131-1605
Oklahoma City
Wed Apr 17 10:48:51 CDT 2013

Aqua Finance Inc                        Bank Of America, N.a.                     Branch and Hurtt Law Firm, P.C.
1 Corporate Dr                          450 American St                           901 N. Peters Avenue
Wausau WI 54401-1724                    Simi Valley CA 93065-6285                 Norman OK 73069-7886



Chase                                   Dept Of Ed/sallie Mae                     Discover Fin
P.o. Box 15298                          Po Box 9635                               Attention:  Bankruptcy Department
Wilmington DE 19850-5298                Wilkes Barre PA 18773-9635                Po Box 3025
                                                                                  New Albany OH 43054-3025



Recovery Management Systems Corporation Reginald V. Orr                           T-Mobile
25 S.E. 2nd Avenue, Suite 1120          935 Blackjack Lane                        T-Mobile Bankruptcy Team
Miami, FL 33131-1605                    Oklahoma City OK 73160-0901               PO Box 53410
                                                                                  Bellevue WA 98015-3410



U.S. Trustee                            Wfs Financial/Wachovia Dealer Services    Robert A. Brown
United States Trustee                   10750 Forest St.                          123 West 7th, suite 102
215 Dean A. McGee Ave., 4th Floor       Suite 200                                 Stillwater, OK 74074-4029
Oklahoma City, OK 73102-3444            Rancho Cucamonga CA 91730



Tearsa Storms Olson                     Yolanda Carol Orr                         End of Label Matrix
Storms Law Office                       12500 S. Western Apt. #42                 Mailable recipients    16
2400 NW 23rd St., Ste. 102              Oklahoma City, OK 73170-5938              Bypassed recipients     0
Oklahoma City, OK 73107-2408                                                      Total                  16
```